Chancellor Marshall
afterwards- delivered the decree of the court.
This case is not provided for in any of the specially enumerated cases of the act for the abolition of the rights of ° primogeniture, &c. passed the 19th day of February, 1791, but comes within the provision of the 7th clause of the 1st section of that act. It is in these words l — “ If the intestate shall have no’lineal descendants, father, mother, brother or sister of the whole blood, or their children, or brother or sister of the half blood, or lineal ancestor, then the *214 widow shall take two thirds of the estate; and the remain* der descend to the next of kin.
The single question.in this case is, who are the next of kin-to Catharine Ashby the intestate? Whether Miss |¡qori¿e peyre the aunt of the half blood, and Francis Peyre,the uncle of the half blood ? Or Mrs. Lowndes, Mrs. Wragg, and Jacob Bond I’on, the first cousins of the-whole blood ?
In computing the degrees of kindred, the act above quoted directs in the 9th clause of the 1st section, that “ in reckoning the degrees of kindred, the computation shall begin with the intestate, and be continued up to the common ancestor, and thence down to the person claiming kindred inclusively, each step being reckoned as one degree.” By this mode of computation, Miss Floride Peyre, the aunt, and Francis Peyer, the uncle of the half blood, stand in the third degree.
The children of Mary Ashby, (Mrs. FQn) viz. Mrs. Lowndes, Mrs. Wragg and Jacob B. I’On, stand in the fourth degree. It is evident therefore, that Miss Floride Peyre and Francis Peyre, the aunt and uncle of the half blood of the intestate Catherine ' Ashby, are the next of kin, as being in the third degree; and that they áre entitled equally to the estate of the said Catharine Ashby in exclusion of the others.
Costs to be paid out of the estate.